IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BRYON J. REINHART, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-263 |
| | ) | United States Magistrate Judge |
| CAROLYN W. COLVIN, | ) | Cynthia Reed Eddy |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff initiated the above-captioned matter on August 30, 2013 by filing a motion for leave to proceed *in forma pauperis*. Thereafter, the parties filed cross-motions for summary judgment. On August 27, 2014, this Court entered a Memorandum Opinion & Order (ECF No. 18) and Judgment Order (ECF No. 19) vacating the Commissioner's decision and remanding the matter to the Commissioner for further proceedings.

On October 21, 2014, Plaintiff filed the pending Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). (ECF No. 20). Specifically, Plaintiff seeks an Order requiring payment in the amount of $3,176.25 to "be made within thirty (30) days from the date of this Order with interest to accrue thereafter if payment is not made by such date." (ECF No. 20-1). On October 28, 2014, the Commissioner responded that she "does not object to the requested amount of attorney fees under the EAJA," but she "cannot agree to pay Plaintiff's EAJA fees within 30 days (or Plaintiff will be awarded interest) because EAJA fees are processed by the Department of Treasury." (ECF No. 21). Additionally, the Commissioner requests that the Court enter an Order "directing that attorney fees to be paid directly to Plaintiff." (*Id.*). The Commissioner states that she will then "determine whether

Plaintiff has any outstanding federal debt to be offset from the attorney fees," and if so, will reduce the amount payable to Plaintiff accordingly.

Due to the conflicting requests from the parties regarding the manner of payment of the agreed upon fees, on October 30, 2014, the Court entered a text-only Order Response/Briefing Schedule allowing Plaintiff to file a Reply Brief on or before November 6, 2014. However, Plaintiff chose not to file any such Reply Brief.

At the outset, the Court notes that Plaintiff bears the burden to establish that the Court should grant the relief in which he seeks. He has offered no legal basis to support his conclusion that he is entitled to interest if payment is not made within thirty days. Further, the Court notes that the pertinent part of EAJA, 28 U.S.C. § 2421(d)(1)(A)-(B), does not expressly state that he is entitled to interest if he is not paid within thirty days. Moreover, the Supreme Court has unequivocally held that in such cases, "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010). Accordingly, the Commissioner's position that she cannot guarantee that payment is made within thirty days because the fees are processed by the Department of Treasury is reasonable.

**AND NOW**, this 10th day of November, 2014, upon consideration of Plaintiff's Motion for Attorney Fees pursuant to EAJA (ECF No. 20) and the Commissioner's Response Brief (ECF No. 21), the Court enters the following Order:

**IT IS HEREBY ORDERED** that that Plaintiff, Bryon J. Reinhart, is awarded attorney fees under the EAJA in the amount of Three Thousand One Hundred Seventy-Six dollars and Twenty-Five cents ($3,176.25).

**IT IS FURTHER ORDERED** that Plaintiff is not entitled to interest if payment is not made within thirty (30) days.

**IT IS FURTHER ORDERED** that said attorney fees shall be paid directly to Plaintiff, Bryon J. Reinhart, and sent to the business address of Plaintiff's counsel.

**IT IS FURTHER ORDERED** that full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF